UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEILSTEIN-INSTITUT ZUR FÖRDERUNG DER CHEMISCHEN WISSENSCHAFTEN, a German nonprofit foundation; and BEILSTEIN GMBH, a German limited liability corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MDL INFORMATION SYSTEMS, INC., a Delaware corporation; and DOES 1-10,<br><br>Defendants. | Case No. C 04 5368 SI<br><br>[PROPOSED] PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION<br><br>Judge: Hon. Susan Illston<br>Ctrm: 10, 19th Floor |

The Court hereby enters a Protective Order containing the following terms and conditions:

**SCOPE OF THIS ORDER**

1. This Protective Order shall be applicable to all information produced by any party pursuant to interrogatories, depositions, requests for production of documents, requests for admissions, subpoenas, or other discovery requests (whether formal or informal), and all information provided by any party in connection with any pre-trial evidentiary hearings or other pre-trial proceedings conducted during the course of this action. All material and information produced pursuant to this Protective Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall

be used solely for purposes of this litigation and shall not be disclosed to any person except in accordance with the terms hereof.

**CONFIDENTIAL AND HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY INFORMATION**

2. Any party producing or disclosing information in this action may designate such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner set forth in paragraph 3 below. The designation of information as "CONFIDENTIAL" shall be limited to information which the disclosing party in good faith believes contains trade secret or other confidential research, development, financial or commercial information. The designation of information as "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" shall be limited to extremely sensitive trade secret or other confidential research, development, financial or commercial information which the disclosing party in good faith believes will result in competitive disadvantage if disclosed to another party to this action. The following material shall not be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY": information that is in the public domain at the time of disclosure (except such information in the public domain which may be treated as a trade secret due to the effort involved in collecting and maintaining such information); information which after disclosure is published or becomes part of the public domain through no fault of a party receiving information under this Protective Order, but only after it is published or comes into the public domain (subject to the same trade secret exclusion stated above); information that is in the possession of a party receiving such information without any confidentiality obligations at the time of disclosure; information independently derived by a party receiving protected information without reference to any protected information, as evidenced by documentation; or information disclosed by a third-party having the legal right to do so.

Information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY may only be used and disclosed as provided in this Protective

Order. However, the parties reserve their rights to challenge any such designations in accordance with the provisions of this Order.

## MANNER OF DESIGNATION OF MATERIALS

3. A party may designate materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY in the following manner:

(a) <u>Documents or Things</u>. CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY treatment may be obtained by typing or stamping CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY on the particular document or thing.

(b) <u>Interrogatories and Requests for Admissions</u>. In answering any interrogatory, request for admission, or part thereof, a party may designate its answer as CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY by affixing thereto the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL --ATTORNEYS EYES ONLY. Such CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY answers shall be made on separate pages from any other answers or portions thereof that are not designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL -ATTORNEYS EYES ONLY.

(c) <u>Testimony</u>. With respect to any testimony given in this action, including but not limited to deposition testimony, any party may obtain CONFIDENTIAL or HIGHLY CONFIDENTIAL --ATTORNEYS EYES ONLY treatment therefore by designating, during the course of that testimony, for which CONFIDENTIAL OF HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY treatment is desired, which testimony is claimed to be CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY, or alternatively by designating the entire testimony to be CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES

ONLY, subject to a good faith obligation to identify to all parties the non-confidential portions of the testimony (and any less confidential portions in the event that the entire testimony is designated HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY), if any, within 14 days after receipt of the transcript of the testimony. The reporter shall separately transcribe and bind the testimony so designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL --ATTORNEYS EYES ONLY, and shall mark the face of the separate bound transcript containing such testimony with the term CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY. A party or nonparty also may make the above-referenced designation of confidentiality in writing and within 14 days of the receipt by said party or nonparty of the transcript of said testimony. In that event, said portion of the transcript will be treated as confidential under the provisions of this order, except that it will not be separately bound. All deposition transcripts shall be treated as CONFIDENTIAL --ATTORNEYS EYES ONLY for a period of 14 days after receipt of the transcript. If, during the course of testimony, any party reasonably believes that the answer to a question will result in the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY information, all persons other than those persons entitled to receive such information pursuant to paragraphs 5 and 6 hereof shall be immediately excluded from the room in which the testimony is given.

    (d)    Typing or stamping the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY upon the first page of a collection of documents or things or answers which are bound or attached together in any manner shall have the effect of designating such collection in its entirety as CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY.

## RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS

4. Any information produced in discovery by any party in this action (whether in response to a formal or informal discovery request or in correspondence between the parties), designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY, may only be used by the recipient of such information in connection with the preparation and trial of this action and for no other purpose. As used herein, the phrase

preparation for trial and trial of this action shall mean preparation for, participation in and prosecution and defense of any motion, trial, appeal, hearing, review or other judicial proceeding in the above-entitled action.

5. Subject to paragraph 7 herein, except by prior order of this Court after notice to the producing party, information designated as CONFIDENTIAL shall not be disclosed to any person other than:

    (a) the attorneys of record herein for the parties (and any in-house attorneys for the parties that are involved in this litigation) and those of their partners, associates, document clerks and paralegals employed by said attorneys who are assigned to and necessary to assist such attorneys in the preparation for trial and trial of this action;

    (b) secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to this action;

    (c) the parties and officers or employees of the parties, to the extent deemed necessary by their respective attorneys of record for the preparation for trial and trial of this action;

    (d) the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as CONFIDENTIAL

information; provided, however, that such persons may not retain such CONFIDENTIAL information unless otherwise entitled to receive it;

 (e) such other persons as may be consented to by the party or nonparty designating such information as CONFIDENTIAL information;

 (f) outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

 (g) translators, independent outside consultants or experts retained by the attorneys of record to assist in this action, to the extent deemed necessary by said attorneys for the preparation for trial and trial of this action; and

 (h) the Court hearing this Action (including the Court having jurisdiction of any appeal).

6. Subject to paragraph 7 herein, except by prior order of this Court after notice to the producing party or nonparty, information designated as HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY shall not be disclosed to any person other than:

 (a) the attorneys of record herein for the parties (and any in-house attorneys for the parties that are involved in this litigation) and those of their partners, associates, document clerks and paralegals employed by said attorneys who are assigned to and necessary to assist such attorneys in the preparation for trial and trial of this action;

 (b) secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to this action;

 (c) the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY information; provided,

however, that such persons may not retain such HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY information unless otherwise authorized to receive it.

(d) such other persons as may be consented to in writing by the party or nonparty designating such information as HIGHLY CONFIDENTIAL --ATTORNEYS EYES ONLY information;

(e) outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(f) translators, independent outside consultants or experts retained by the attorneys of record to assist in this action, to the extent deemed necessary by said attorneys for the preparation for trial and trial of this action; and

(g) the Court hearing this Action (including the Court having jurisdiction of any appeal).

7. The persons described in paragraphs 5(e)-(g) and 6(d)-(f) shall not have access to either CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY information, as the case may be, until they have certified that they have read this Order and have manifested their assent to be bound thereby by signing a copy of the Assurance of Compliance attached hereto as Exhibit A. Once a person has executed such an Assurance of Compliance, it shall not be necessary for that person to sign a separate Assurance of Compliance each time that person is subsequently given access to confidential material.

8. The recipient of any CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY material that is provided under this Order shall maintain such information in a manner intended to preserve, and shall use its best efforts to maintain, the confidentiality of such information.

9. The failure of any party to object to the designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY shall not be deemed an admission that such information qualifies for such designation. If any party wishes to have any information, document or testimony marked CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY by another party reclassified as non-confidential, or from HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY to CONFIDENTIAL, the parties will confer and try to reach agreement. If the parties cannot reach agreement, the party seeking to re-classify may seek appropriate relief from the Court, with the party seeking to maintain the CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY designation bearing the burden to establish its claim of confidentiality; provided, however, that it is not intended that this process be determinative of any ultimate issues in the case, including by way of example whether any particular materials constitute valid trade secrets. The Court may award sanctions on any motion concerning the challenge of a designation if the Court finds that any designating party s position was taken without reasonable justification. Unless and until this Court enters an order changing the designation of the information, it shall be afforded the treatment prescribed in this Protective Order for its designation.

10. Nothing contained in this Protective Order shall restrict or prevent any party to this action or nonparty from disclosing or otherwise using its own documents and information which that party or nonparty produces or discloses in this action.

11. (a) The inadvertent or unintentional disclosure by a producing party of CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY material [1] during the course of this litigation, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the parties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to

[PROPOSED] PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION
8

restore the confidentiality of the CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY material that was inadvertently or unintentionally disclosed.

(b) If a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or work product immunity, the producing party may give written notice to the receiving party or parties that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing party. The receiving party or parties shall promptly return to the producing party such document, and shall promptly return or destroy all copies of such document. Return of the document by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any party from moving the Court for an Order that such document has been improperly designated or should be producible for other reasons than a waiver caused by the inadvertent production.

12. Documents made available for inspection shall be treated as CONFIDENTIAL -- ATTORNEYS EYES ONLY during inspection. Copies of such documents produced to the receiving party shall be stamped CONFIDENTIAL or CONFIDENTIAL -- ATTORNEYS EYES ONLY, as appropriate, by the producing party pursuant to the pursuant to the terms herein.

13. Nothing contained in this Protective Order shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition or to seek further relief or protective orders from the Court in accordance with the Federal Rules of Civil Procedure and the Local Rules. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any party.

14. Nothing herein shall prevent counsel of record for any party from utilizing CONFIDENTIAL or CONFIDENTIAL -- ATTORNEYS EYES ONLY documents

or testimony in the examination or cross-examination, whether at deposition or any proceeding before the Court, of any person who is indicated on the document as being an author, source, recipient or subject of such document or testimony or is indicated in the testimony as being a subject of the testimony, irrespective of which party produced such information. In the event that counsel for a party believes it is necessary during the course of a deposition to show "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials to a deponent who is otherwise not permitted access to such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material under the terms of this Order, counsel may immediately seek consent to do so from counsel for the designating party or nonparty, who shall not unreasonably withhold such consent. If such consent is withheld, the requesting counsel may continue the deposition, and at the adjournment of the deposition, apply to the Court for relief. If the Court permits the requesting counsel to show such materials to the deponent, the deposition may be resumed.

### FILING AND USE IN COURT OF DESIGNATED MATERIALS

15. Any written material constituting, containing or disclosing protected information that is lodged or filed with the Clerk of the Court, including Court papers, shall be submitted in compliance with Civil Local Rule 79-5 and marked "FILED UNDER SEAL," and endorsed on the front page of the written material itself with a statement substantially in the following form:

CONFIDENTIAL<br>
SUBJECT TO PROTECTIVE ORDER

or

CONFIDENTIAL - ATTORNEYS' EYES ONLY<br>
SUBJECT TO PROTECTIVE ORDER

### THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS

16. If any third party serves a subpoena or other process or request seeking to review any information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY, the party to whom the demand is made shall inform the other party s counsel immediately in writing and shall not permit inspection of such documents by third parties until fourteen (14) days after such notice is given so that the notified counsel can take steps to enforce this Protective Order if they deem it necessary to do so.

### DISCOVERY FROM NONPARTIES

17. Discovery of nonparties may involve receipt of information, documents, things or testimony which include or contain CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY materials or information. A nonparty producing such material in this case may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL -ATTORNEYS EYES ONLY some or all of the material it produces in the same manner provided for in this Protective Order with respect to material furnished by or on behalf of the parties to this action. Any party may also designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY any materials or information produced by a nonparty that constitute CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY material of the designating party under paragraph 2 of this Protective Order, regardless of whether the producing nonparty has also so designated. Nonparty materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY by a nonparty or party shall be governed by the terms of this Protective Order.

### RETURN OR DESTRUCTION OF DESIGNATED MATERIALS

18. Within 60 days after the conclusion of this action, including any and all appeals, all documents, transcripts or other things or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS EYES ONLY, and all copies thereof, shall be returned to counsel for the party furnishing the same. Alternatively,

counsel for the party receiving CONFIDENTIAL or CONFIDENTIAL -- ATTORNEYS EYES ONLY materials shall provide written certification to counsel for the party furnishing CONFIDENTIAL or CONFIDENTIAL -- ATTORNEYS EYES ONLY materials that such materials, and all copies thereof, have been destroyed. Notwithstanding anything to the contrary herein, outside counsel for each party may retain one complete copy of such materials as well as one complete copy of pleadings and papers filed with the Court or served on the parties. Such retained copy of materials, pleadings and papers shall be maintained in a file accessible only by outside counsel bound by this Order. This Order shall continue to be binding after the conclusion of this litigation.

**AMENDMENT OF THIS AGREEMENT**

19.     This Order shall continue to be binding after the conclusion of this Action. The provisions of this Protective Order may be modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may at any time apply to the Court for modification of this Protective Order pursuant to a motion brought in accordance with the rules of the Court.

IT IS SO ORDERED.

DATED: _____



---

[PROPOSED] PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION
12

EXHIBIT A

ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State of _____, in the following country: _____;

I have read the annexed Order Re: Confidential Information, ("Protective Order") dated _____, 2005 in the action entitled <u>Beilstein-Institut zur Forderung der Chemischen Wissenschaften v. MDL Information Systems, Inc.</u>, Case No. C 04-5368 SI, which currently is pending in the United States District Court for the Northern District of California; that I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order; and

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use except solely for the purpose of this litigation, any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY"; and

I consent to the jurisdiction of United States District Court for the Northern District of California for the purpose of enforcing said Protective Order, enjoining any anticipated violation of the Protective Order or seeking damages for the breach of said Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this \_\_\_ day of _____, 2005 at _____

_____
(Signature)

[PROPOSED] PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION
13