IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEILSTEIN-INSTITUT ZUR FORDERUNG DER CHEMISCHEN WISSENSCHAFTEN ET AL, <br><br>           Plaintiff, <br><br>   v. <br><br> MDL INFORMATION SYSTEMS, INC., <br><br>           Defendant. | No. C 04-05368 SI <br><br> **ORDER DENYING MOTION TO MODIFY PROTECTIVE ORDER** |

By letter brief, plaintiff seeks modification of the protective order in this matter to allow counsel for plaintiff's affiliated corporation to view and use documents produced by defendant in related litigation in Germany. For the following reasons, the Court DENIES plaintiff's motion.

**BACKGROUND**

Beilstein's suit against MDL stems from MDL's alleged tortious interference with contract and unfair competition related to an agreement between the parties under which MDL would market Beilstein's electronic database of organic chemistry research. A copyright infringement suit arising from this relationship is pending in Germany between corporate affiliates of the parties. The parties came to terms on a protective order in June 2005, with one exception: the parties could not agree on whether plaintiff's counsel in the German action should be allowed to review documents produced in this litigation for use in the German case. After letter briefs on this issue, the Court on June 22, 2005 entered a protective order which did not allow Beilstein to turn over any protected documents to its

1 German counsel.

2 Beilstein has since obtained new counsel, and now seeks to modify the protective order to allow
3 German counsel to view protected documents. Unlike its previous letter brief on this issue, Beilstein
4 now cites case law and asserts that it will agree to a protective order in the German suit providing
5 protection mechanisms essentially identical to those of the order in effect in the instant case.

## DISCUSSION

At the outset, MDL contends that plaintiff's motion is more accurately described as a motion to reconsider the prior order, and that Beilstein has not met the requirements of Local Rule 7.9 since it has not shown a material difference in fact or law, emergence of new material facts or law, or a failure by the court to consider material facts or dispositive legal arguments. As outlined below, the Court's previous order did not consider applicable legal argument, and the motion shall be dealt with on the merits.

In support of its argument to modify the protective order, Beilstein cites to *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003), *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470 (9th Cir. 1992), and *Olympic Rfg. Co. v. Carter,* 332 F.2d 260 (9th Cir. 1964). *Olympic* involved an antitrust suit brought against Standard Oil Company. The plaintiff subpoenaed documents filed under seal years earlier in a government antitrust suit against Standard Oil. *Olympic*, 332 F.3d at 261. The district judge refused to modify the protective order that kept the documents under seal and quashed the subpoena, finding that the documents contained trade secrets and other sensitive data. *Id.* at 263-65. The Ninth Circuit reversed, holding that the plaintiff was entitled to the documents, "subject to reasonable restrictions as to disclosure." *Id.* at 266.

*Beckman* dealt with a similar situation. A number of companies sought to intervene in a settled and dismissed lawsuit that had concerned the scope of environmental impairment liability insurance policies. *Beckman*, 966 F.2d at 471. The intervenors sought access to six deposition transcripts from that action for use in a state court proceeding, and therefore sought to modify the protective order in the earlier action. *Id.* The district court granted the motion to modify the protective order, and the Ninth Circuit affirmed, stating that "Ninth Circuit precedent strongly favors disclosure to meet the needs of

2

1 parties in pending litigation." *Id.* at 475. The court believed that the privacy interests involved could 2 be adequately protected by putting the intervenors under the same restrictions as contained in the 3 original protective order. *Id.* at 476. Further, modifying the protective order would eliminate 4 duplicative discovery. *Id.*

5 In *Foltz*, parties involved in analogous state court proceedings against State Farm sought access 6 to materials produced by State Farm pursuant to a protective order. *See Foltz*, 331 F.3d at 1129. 7 Relying on *Olympic*, the court noted that principles of judicial economy favor access to discovery 8 materials to meet the needs of parties in collateral litigation where restrictions on collateral disclosure 9 will continue to protect the privacy interests at stake. *See id.* at 1131-32. The Ninth Circuit remanded 10 the case to the district court, ordering it to authorize release of documents it deemed relevant to the 11 collateral action. *See id.* at 1139.

12 These three cases involved situations where analogous proceedings were or had been pending 13 in state and/or federal courts. Since the documents were discoverable in the collateral actions, 14 modification of the protective orders prevented inefficient, duplicative discovery, and also served the 15 purpose of full disclosure underlying discovery. *See Foltz*, 331 F.3d at 1133-34; *Beckman*, 966 F.2d 16 at 475; *Olympic*, 332 F.2d at 265. The *Foltz* court agreed with the district court's statement that a 17 collateral litigant has no right to obtain discovery materials that would not be discoverable in the 18 collateral litigation, although it found that the district court erred by not actually applying this principle 19 and not undertaking a relevance determination. *See Foltz*, 331 F.3d at 1133-34.

20 MDL asserts that Germany does not allow American-style discovery, and that it is highly 21 unlikely that the German tribunal would order production of the documents at issue here. Beilstein 22 asserts that Rule 27.1 of the Rules for the German Institute for Arbitration gives the German tribunal 23 discretion to compel the production of documents after Beilstein specifically identifies the documents 24 through information such as dates, authors, and subject matter. However, MDL asserts that Beilstein 25 is unable to satisfy this requirement without passing on "confidential" or "attorneys eyes only" 26 information to German counsel, while Beilstein contends that MDL would have no basis to protect such 27 descriptive information about the documents.

28 The parties do not cite, and the Court is not aware of, a Ninth Circuit case in which the *Olympic*

3

line of cases has been extended to apply to collateral proceedings in a foreign country. However, the Federal Circuit, in an opinion cited by neither party and over dissent, has upheld such extension by a court within the Northern District of California. *See In re Jenoptik AG*, 109 F.3d 721 (Fed. Cir. 1997); *see also Infineon Techs. AG v. Green Power Techs. Ltd.*, 2005 U.S. Dist. LEXIS 11877 (D.D.C. June 17, 2005) (following *Jenoptik*). The *Jenoptik* court applied *Beckman* in allowing modification of a protective order to allow the plaintiff to use discovery material from a U.S. patent infringement case in an infringement case in Germany between the same parties and involving a counterpart patent. *See Jenoptik*, 109 F.3d at 722-23. The *Jenoptik* court reasoned that the plaintiff's agreement to be bound by the same protective provisions in the German suit as it was in the U.S. suit was sufficient to satisfy the *Beckman* rule. *See id*. at 723.

This Court does not agree with the *Jenoptik* court's extension of the *Olympic* line of cases into the international context. Inherent in the considerations of judicial economy upon which *Olympic* and its progeny rest is that the discovery rules and principles at play in the collateral proceedings mirrored those of the court allowing the release of discovery materials. This Court is unfamiliar with German discovery rules, and thus has no basis to conclude that considerations of judicial economy would be served by releasing confidential materials for use before the German tribunal.

Doing as Beilstein asks would instead create the risk that this Court would subvert German procedural rules. As outlined in Judge Newman's well-reasoned and persuasive *Jenoptik* dissent, "it is not the role of this nation's courts to adjust the positions of the parties before the tribunal in Germany, by circumventing German law." *Jenoptik* at 724 (Newman, J., dissenting). Judge Newman went on to cite a section of the German Civil Code under which the information sought by Beilstein may well not be discoverable. *See id*. at 725 (concerning expert testimony, under German law a witness may legally refuse to answer questions regarding business or industrial secrets). The potential for circumvention of German law would thus appear to be high; conversely, the Court cannot discern any undue prejudice to Beilstein if it simply goes through whatever process is in place in Germany to discover such documents. On balance, the Court finds that concerns of international comity far outweigh any concerns of judicial economy that may or may not exist in this context.

Furthermore, Congress has created an avenue by which this nation's courts may compel

4

document production for use in foreign litigation upon request by a foreign tribunal or interested party. *See* 28 U.S.C. § 1782. Beilstein makes no mention of § 1782 or associated case law, and its unsupported, cursory statements concerning German discovery rules do not meet the high burden of proof courts have placed on § 1782 requests brought by litigants to show that the documents would be discoverable in the foreign jurisdiction. *See Jenoptik*, 109 F.3d at 724 (Newman, J., dissenting). Modification of the protective order in this case would thus not only risk circumvention of German law, but would circumvent the framework designed by Congress to deal with international discovery issues.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES plaintiff's motion to modify the protective order (Docket # 86).

**IT IS SO ORDERED.**

Dated: May 12, 2006

SUSAN ILLSTON
United States District Judge

5