IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEILSTEIN-INSTITUT ZUR FORDERUNG DER CHEMISCHEN WISSENSCHAFTEN, et al., | No. C 04-05368 SI |
| Plaintiff, | **ORDER RE: DEPOSITION OF PATRICIA ROUGEAU** |
| v. | |
| MDL INFORMATION SYSTEMS, INC., | |
| Defendant. | |

On April 25, 2006, plaintiffs Beilstein-Institut zur Förderund der Chemischen Wissenschaften and Beilstein GmbH (collectively, "Beilstein") filed an application for order to show cause re contempt based upon the failure of Patricia Rougeau to appear at her scheduled deposition. Defendant MDL Information Systems, Inc. ("MDL"), subsequently filed a motion to stay any depositions in this matter in light of plaintiff's stated intention to amend its complaint. Pursuant to Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for June 2, 2006. For the following reasons, the Court DENIES both plaintiff's application and defendant's motion.

**DISCUSSION**

Rougeau is MDL's former President and CEO. Her deposition was originally scheduled for April 11, 2006. On April 2, 2006, however, plaintiff informed defendant that plaintiff intended to amend its complaint. It later explained that it would likely add two causes of action, one for conversion and one for copyright infringement. In response to this information, defendant requested that the

deposition of Rougeau be postponed until after plaintiff had amended its complaint. Plaintiff refused to postpone the deposition. The parties met and conferred over the issue, but were unable to reach a conclusion. On April 5, 2006, defendants informed plaintiff that Rougeau would not appear for her deposition. Plaintiff then filed its application for an order to show cause; defendant filed its motion to stay all depositions three days later.

The Court agrees with plaintiff that Rougeau did not have good cause for failing to appear at her deposition. Nothing in the Federal Rules of Civil Procedure mandates that a complaint be finalized before discovery can proceed; indeed, such a rule would cripple the discovery process. Plaintiff was entitled to depose Rougeau before it amended its complaint, with the caveat that Rougeau's deposition will not be reopened absent a showing of good cause. *See* Fed. R. Civ. P. 30(a)(2). If plaintiff chooses to depose Rougeau before it has made explicit all its causes of action, it bears the risk that her deposition will be incomplete.

The proceedings in this case are a prime example of why this rule is sensible. Rougeau's deposition would have occurred over a month ago if plaintiff had not gone through the courtesy of informing defendants that it planned on amending its complaint. Because of defense counsel's insistence that plaintiff amend its complaint before Rougeau's deposition, the deposition has now been delayed five weeks. Further, if defense counsel refuses to stipulate to the new complaint, the deposition will be delayed for at least another month while motions associated with plaintiff's amended complaint are pending.

Rougeau lacked good cause to appear for her deposition. She is hereby ORDERED to appear for her deposition before June 2, 2006. The Court DENIES plaintiff's application for an order to show cause, without prejudice. If Rougeau has not appeared for her deposition by June 2, 2006, plaintiff may renew its motion with this Court. Defendant's motion to stay discovery is DENIED.[1]

---

[1] Because the Court has not relied on the evidence that is the subject of MDL's evidentiary objections, the Court DISMISSES those objections as moot.

2

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES both plaintiff's application for order to show cause re contempt and defendant's motion to stay discovery. **Rougeau shall appear for her deposition by June 2, 2006, or will face contempt sanctions from this Court**. [Docket Nos. 94, 97]

**IT IS SO ORDERED.**

Dated: May 24, 2006

SUSAN ILLSTON
United States District Judge