IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BEILSTEIN-INSTITUT ZUR FÖRDERUNG DER CHEMISCHEN WISSENSCHAFTEN, et al.,

Plaintiffs,

v.

MDL INFORMATION SYSTEMS, INC.,

Defendant.

No. C 04-05368 SI

**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL**

Now before the Court is a discovery dispute in this matter. Plaintiffs, Beilstein-Institut zur Förderund der Chemischen Wissenschaften and Beilstein GmbH (collectively, "Beilstein"), seek to compel the production of 138 documents that defendant claims were inadvertently produced during discovery. For the following reasons, the Court DENIES plaintiffs' motion.

**DISCUSSION**

In the course of producing approximately 800,000 pages of documents in this matter, defendant realized that it had produced 138 documents, consisting of 522 total pages, that were privileged. Upon defendant's request, plaintiffs returned the documents. Plaintiffs requested, however, that defendant immediately provide a privilege log for the 138 documents that were inadvertently produced. After defendant provided a privilege log, plaintiffs moved to compel the production of the documents, arguing that defendant had waived the privilege in two ways. First, plaintiffs claimed that defendant did not "inadvertently produce" the documents because it failed "to pursue all reasonable means of preserving the confidentiality of the privileged matter." *U.S. ex rel Bagley v. TRW, Inc.*, 204 F.R.D. 170, 178 n.11

1  (C.D. Cal. 2001). Second, plaintiffs claimed that defendant had waived the privilege by producing an
2  inadequate privilege log. *See Garcia v. City of El Centro*, 214 F.R.D. 587, 590 (S.D. Cal. 2003). The
3  Court cannot agree that either provides a valid basis for finding the privilege waived.

4  Plaintiffs' argument that defendant did not "inadvertently produce" the documents is premised
5  on the doctrine of "inadvertent disclosure" developed in the courts. Here, however, a protective order
6  governs the parties' discovery obligations. That order provides that the inadvertent production of
7  privileged documents does not constitute a waiver of the privilege. Indeed, the order explicitly states
8  that the receiving party may not bring a motion to compel based on "a waiver caused by the inadvertent
9  production." Protective Order Re: Confidential Information (Docket No. 34), at ¶ 11(b).

10  Plaintiffs argue that the protective order was intended to incorporate caselaw on inadvertent
11  disclosure, and that the Court should therefore examine whether defendant complied with the legal
12  standards set out in that caselaw. The Court cannot agree. Plaintiffs' argument would render a portion
13  of the protective order entirely superfluous; under the protective order, a production of privileged
14  documents would result in waiver to the same extent it would if there were no protective order. This
15  cannot be the result the parties intended. Accordingly, the Court finds that defendant did not waive the
16  privilege by producing the documents.

17  Plaintiffs also argue that defendant has waived any privilege by producing an inadequate
18  privilege log. While, in some ways, the log defendant produced is inadequate – it does not, for example,
19  identify attorneys, state that communications contain legal advice, or identify how the privilege covers
20  materials that were shared with third parties – the Court cannot agree that defendant has waived the
21  privilege. The parties in this case agreed to exchange final privilege logs once their productions were
22  complete. The Court will not find the privilege waived based upon the temporary privilege log
23  defendant produced, which is 23 pages long and was produced on only ten days' notice. Rather,
24  plaintiffs must bring their motion based on defendant's final privilege log. If they choose to do so, they
25  should not challenge the withheld documents in a blanket manner, but should be sure to address the
26  specific documents for which they believes the assertion of privilege is unjustified.

27
28

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion to compel (Docket No. 157).

**IT IS SO ORDERED.**

Dated: September 5, 2006

SUSAN ILLSTON
United States District Judge