IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEILSTEIN-INSTITUT ZUR FÖRDERUNG DER CHEMISCHEN WISSENSCHAFTEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MDL INFORMATION SYSTEMS, INC., <br><br> Defendant. | No. C 04-05368 SI <br><br> **ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL** |

Now before the Court is a discovery dispute in this matter. Defendant, MDL Information Systems, Inc. ("MDL"), seeks to compel plaintiffs to provide additional discovery in a number of different areas. Having carefully considered the papers submitted, and for good cause appearing, the Court hereby GRANTS IN PART defendant's motion.

**DISCUSSION**

MDL's motion requests that the Court compel Beilstein to produce five categories of information. First, MDL seeks a supplemental response to its first interrogatory, which requested all witnesses and facts on which Beilstein relied when it denied MDL's requests for admission. Beilstein agreed to produce the names of the witnesses, but has refused to provide the facts. It argues that it need not provide the facts it relied upon because is has not yet had a "full and fair opportunity" to investigate all the issues.

There are two problems with Beilstein's argument. First, it already responded to MDL's requests for admission. Thus, there must be some facts on which it based its denials. Second, the

Federal Rules of Civil Procedure state that interrogatory responses should be seasonably amended as additional information becomes available. Fed. R. Civ. P. 26(e). Thus, plaintiff need not wait until it has concluded its investigation before supplementing its interrogatory responses. Accordingly, MDL's motion is GRANTED as to Interrogatory No. 1

The second subject of MDL's motion to compel concerns a number of its document requests for which it contends it received no responsive documents. For each of these document requests, MDL seeks confirmation that "no responsive documents were produced, the reason why no documents have been produced, and that a diligent search was undertaken for responsive documents." Discovery in this matter, however, is not yet complete. Further, Beilstein has represented that it, like MDL, continues to produce documents as they become available. Thus, the Court finds that MDL's request is premature. It therefore DENIES MDL's motion as to Requests for Production 2, 5, 13, 16, 21, 34, 35, 56, 58-60, 69, 76-77, and 87.

Third, MDL seeks confirmation that Beilstein searched its electronic mail and other computer sources for documents. In its opposition brief, Beilstein represents that it searched these sources. Accordingly, the Court finds that nothing further is required from Beilstein on this topic.

Fourth, MDL requests that Beilstein be compelled to "re-produce" all documents in the manner in which they were ordinarily kept, in conformance with Federal Rule of Civil Procedure 34(e). Beilstein, however, contends that it has complied with Rule 34(e). It argues that MDL's dissatisfaction with its production stems from the fact that Beilstein is a small nonprofit that keeps its documents informally. The Court finds Beilstein's response, and its assertion that its documents were produced in compliance with Rule 34(e), sufficient, and therefore DENIES MDL's motion as to its request that Beilstein reproduce its responsive documents.

Finally, MDL requests that Beilstein produce a privilege log. From the parties' briefs, however, it appears that this issue has been resolved and that the parties will exchange privilege logs after their productions are complete. Accordingly, the Court DENIES MDL's request that Beilstein be compelled to immediately produce a privilege log.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART MDL's motion to compel (Docket No. 114).

**IT IS SO ORDERED.**

Dated: September 6, 2006

SUSAN ILLSTON
United States District Judge