**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEILSTEIN-INSTITUT ZUR FÖRDERUNG DER CHEMISCHEN WISSENSCHAFTEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MDL INFORMATION SYSTEMS, INC., <br><br> Defendant. | No. C 04-05368 SI <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, AND DENYING DEFENDANT'S MOTION TO STRIKE** |

On November 3, 2006, the Court heard argument on defendant MDI Information Systems, Inc.'s motions to: (1) dismiss plaintiffs' claim for conversion; (2) dismiss plaintiffs' claim for unfair competition; and (3) strike plaintiffs' demand for statutory and treble damages. Having considered the arguments of counsel and the papers submitted, the Court hereby GRANTS defendant's motion to dismiss plaintiffs' claim for conversion, DENIES defendant's motion to dismiss plaintiffs' claim for unfair competition, and DENIES defendant's motion to strike for the reasons set forth below.

## BACKGROUND

Plaintiff Beilstein-Institut Zur Förderung Der Chemischen Wissenschaften ("Beilstein-Institut") is a German non-profit foundation involved in research in the chemical sciences. Beilstein-Institut has created the Beilstein Database, which is an electronic database in the area of organic chemistry and is Beilstein-Institut's primary revenue source. The database consists of more than nine million organic chemical compounds and excerpts of scientific literature. Plaintiff Beilstein GmbH is one of two subsidiaries of Beilstein-Institut, created to maintain and exploit the Beilstein Database. The other such

subsidiary is Beilstein Informationssysteme GmbH.

On January 23, 1998, an agreement was entered between plaintiff Beilstein-Institut and Beilstein Informationssysteme GmbH, which granted an exclusive license to Beilstein Informationssysteme GmbH to exploit the Beilstein Database in exchange for a fixed licensing fee. Beilstein Informationssysteme GmbH was subsequently acquired by the Reed Elsevier Group and the company was renamed MDL Information Systems GmbH ("MDL GmbH").

Plaintiffs contend that MDL GmbH violated the provisions of the licensing agreement. In December 2001, plaintiff Beilstein-Institut commenced arbitration proceedings against MDL GmbH in Germany. On September 20, 2004, the arbitration panel issued a Partial Arbitration Award, holding that MDL GmbH breached its contractual obligations and awarding damages and injunctive relief to Beilstein-Institut. The panel ordered MDL GmbH to "cease and desist from modifying the content of the Beilstein Database and/or mingling such content with other data or databases or having such data modified and/or marketed via the sublicenses thereof, particularly via MDL Information Systems Inc."

Defendant MDL Information Systems, Inc. ("MDL Inc.") is a Delaware corporation with its principal place of business in San Leandro, California. The complaint alleges that defendant MDL Inc. "shares a common corporate parent with MDL GmbH" and markets the Beilstein Database on behalf of MDL GmbH. Plaintiffs assert that defendant MDL Inc. has continued to mingle the Beilstein Database with data from other sources, despite the Partial Arbitration Award. As a result, plaintiffs filed a copyright action against defendant MDL Inc. in a German district court on March 31, 2003. In December, 2004, plaintiffs also filed suit in this Court against defendant MDL Inc., asserting claims of tortious interference with contract and declaratory relief. In February, 2005, plaintiffs filed an Amended Complaint adding a claim for common law unfair competition.

Defendant MDL Inc. filed a motion to dismiss plaintiffs' claim for declaratory relief, which the Court granted, with leave to amend. Thereafter, plaintiffs filed a Second Amended Complaint ("SAC") dropping the claim for declaratory relief and adding a claim for enforcement of German judgment. Defendant MDL Inc. filed a motion to dismiss plaintiffs' new claim for enforcement of German

1 judgment, which the Court also granted.

2 Plaintiffs then filed a Third Amended Complaint ("TAC") dropping the claim for enforcement of German judgment and adding claims for copyright infringement, conversion, trespass to chattels, trade secret misappropriation, Lanham Act violations & common law unfair competition, constructive trust and unjust enrichment, and unfair and unlawful business acts or practices in violation of California Business & Professions Code § 17200 *et seq*. Defendant MDL Inc. moved to dismiss the entire TAC. The Court granted in part and denied in part, denying defendant's motion as to tortious interference with contract, copyright infringement, trade secret misappropriation, and violations of the Lanham Act, but granting the remainder of defendant's motion, with leave to amend one last time.

Plaintiffs finally filed a Fourth Amended Complaint ("FAC") which includes claims for copyright infringement, Lanham Act violations, tortious interference with contract, trade secret misappropriation, conversion, and unfair and unlawful business acts or practices in violation of California Business & Professions Code § 17200 *et seq*. Defendant MDL Inc. now moves to dismiss plaintiffs' claims for conversion and unfair and unlawful business acts or practices. Defendant also moves to strike plaintiffs' demand for statutory and treble damages under the Lanham Act.

**LEGAL STANDARD**

A motion to dismiss for failure to state a claim will be denied unless it appears that the plaintiff can prove no set of facts which would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S. Ct. 99, 102 (1957); *Fidelity Fin. Corp. v. Federal Home Loan Bank*, 792 F.2d 1432, 1435 (9th Cir. 1986). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal

3

quotation marks omitted).

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[A] motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 n.34 (C.D. Cal. 1996).

## DISCUSSION

### I. Plaintiffs' cause of action for conversion is preempted.

Defendant moves for dismissal of plaintiffs' conversion claim, arguing that the claim is barred by the Copyright Act's express preemption of any state law or claim asserting "rights equivalent to any of the exclusive rights."[1] 17 U.S.C. § 301. In general, to determine whether a state law claim is preempted by the Copyright Act, the Court must determine: (1) whether the "subject matter" of the state law claim falls within the subject matter of copyright; and (2) whether the rights asserted in the state law claim are "equivalent" to the rights granted by the Copyright Act. *Del Madera Properties v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 977–978 (9th Cir. 1987), *overruled on other grounds by Fogerty v. Vantasy, Inc.*, 510 U.S. 517, 114 S. Ct. 1023 (1994). A conversion claim involving tangible property, however, is immune from preemption. *See Oddo v. Ries*, 743 F.2d 630, 635 (9th Cir. 1984).

Plaintiffs argue that their conversion claim only relates to tangible items and does not relate to copyright or other intellectual property rights governed by the Copyright Act. Defendant argues that no truly tangible property has been taken, and that plaintiffs merely seek damages for intangible intellectual property that was allegedly "taken" by MDL Inc. for use in another database. Plaintiffs' conversion claim, defendant argues, is simply a copyright infringement claim dressed like a conversion claim.

In response, plaintiffs refer to their allegation that "defendant is in possession of printed and/or electronic media (*e.g.*, disks, hard drives, servers) constituting tangible material related to excerpts, the

---

[1] The exclusive rights granted under the Copyright Act include the rights: "to reproduce the copyrighted works in copies," "to prepare derivative works based upon the copyrighted work," "to distribute copies . . . to the public," and "to display the copyrighted work publicly." 17 U.S.C. § 106.

4

Beilstein Database and its related components, and/or the MDL Patent Chemistry Database." FAC ¶ 73. Plaintiffs assert that only those tangible materials allegedly possessed by defendant—not plaintiffs' intangible intellectual property—are at issue in the conversion claim.

The Court is not persuaded by plaintiffs' characterization of the "tangible" items at issue. In an analogous case, a plaintiff software developer provided to defendant corporation a limited version of his program for evaluation and determination as to whether defendant wished to include it in defendant's upcoming software package release. *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1117–18 (N.D. Cal. 2001). After completing its evaluation, defendant informed plaintiff of its desire to include plaintiff's program in defendant's next software package release and asked to receive a fully-enabled version of the program for immediate testing. *Id.* at 1118. Plaintiff provided the fully-enabled version, but only after receiving defendant's assurance that plaintiff's intellectual property would not be included in defendant's software package release until a formal licensing agreement could be finalized. *Id.* Several months later, plaintiff received a copy of defendant's next software package release, which included plaintiff's fully-enabled program, even though defendant had not paid plaintiff or entered into any license agreement with him. *Id.* In determining whether plaintiff's cause of action for conversion was preempted by the Copyright Act, the court in *Firoozye* noted that plaintiff did not seek return of a tangible piece of property. *Id.* at 1130. Instead, plaintiff sought relief for defendant's wrongful reproduction and use of his program without his permission—"the essence of a claim for copyright infringement." *Id.* Explaining that "where a plaintiff is only seeking damages from a defendant's reproduction of a work -- and not the actual return of a physical piece of property -- the claim is preempted," the court dismissed plaintiff's conversion claim. *Id.*

Similarly, although plaintiffs' FAC refers to "disks, hard drives, and servers," the thrust of plaintiffs' grievance is that defendant remains in possession of materials related to plaintiffs' intellectual property. Plaintiffs' concern is not with the printed and/or electronic media itself, but rather with the information that is *contained in* such media. Plaintiffs' inability to identify any of the "tangible" property at issue highlights this point. *See* FAC ¶ 73. Plaintiffs' claim is based on all tangible materials

5

"related to" the intellectual property, no matter what form that material takes. *See* FAC ¶ 74. Plaintiffs are thus not concerned with the conversion of a particular hard drive, but rather with *any* hard drive containing the intellectual property.

Plaintiffs contend that the original licensing agreement between Beilstein-Institut and Beilstein Informationssysteme GmbH recognized plaintiffs' property rights in all projects and undertakings falling within the "Scientific Area" of plaintiffs' intellectual property, including all tangible materials related to the Beilstein Database. Plaintiffs argue, therefore, that tangible materials related to plaintiffs' intellectual property may serve as the basis for a conversion claim. By definition, however, all copyrighted works must be fixed in some tangible medium. *See* 17 U.S.C. §§ 101, 102(a). It does not follow that the existence of any such "tangible medium" therefore permits a conversion claim that is immune from preemption by the Copyright Act. Were that so, any claim under the Copyright Act could also be pled as a conversion claim and the Copyright Act's preemption provision would be of no impact. *See* 17 U.S.C. § 301. Defendant's motion to dismiss as to plaintiffs' conversion claim is therefore GRANTED.

### II.   Plaintiffs' cause of action for unfair and unlawful business acts or practices is pled with sufficient particularity as to fraudulent business practices.

Defendant also moves the Court to dismiss plaintiffs' unfair competition claim under California Business and Professions Code § 17200 *et seq.* Defendant contends that plaintiffs' unfair competition claim merely incorporates by reference the allegations pertaining to its copyright claims. Defendant argues that the unfair competition claim is therefore preempted by the Copyright Act. As the California Supreme Court has explained, however, "the [California] unfair competition law's scope is broad. . . . [It] borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes *independently actionable.*" *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (emphasis added) (internal quotation marks and citations omitted). California's definition of unfair competition includes three prongs—unlawful, unfair, and fraudulent—any one of which may independently operate as the theory for a cause of action under § 17200. William L. Stern,

*Bus. & Prof.C. § 17200 Practice*, § 3:15 (2005). Thus, even if the copyright infringement allegation underlying the "unlawful" prong of plaintiff's § 17200 claim is preempted, plaintiffs may assert a claim for unfair competition under an independent alternate theory. Plaintiffs have done so by alleging fraudulent business practices.

In asserting that defendant engaged in fraudulent business practices that entitle plaintiffs to relief under the California unfair competition law, plaintiffs have alleged facts with sufficient particularity. Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud . . . , the circumstances constituting fraud . . . shall be stated with particularity." The Ninth Circuit has articulated the standard for such particularity as "specific enough to give defendant[] notice of the particular misconduct which is alleged to constitute the fraud charged." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Additionally, the pleading must "identif[y] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express*, 885 F.2d 531, 540 (9th Cir. 1989).

Plaintiffs' FAC alleges specific information with regards to how MDL Inc. "actively concealed the existence of the MDL Patent Chemistry Database as it was being developed into a marketable product and previewed for potential customers," and exchanged documents and communications with MDL GmbH that directed both companies to engage in fraudulent behavior. FAC ¶ 84. Plaintiffs' unfair competition claim identifies the circumstances constituting fraud, and is neither vague nor conclusory. The Court finds it to be stated with sufficient particularity to enable defendant to prepare an adequate answer. Defendant's motion to dismiss as to plaintiffs' claim for unfair and unlawful business acts or practices in violation of California Business and Professions Code § 17200 *et seq.* is therefore DENIED.

**III.    Plaintiffs' demand for statutory and treble damages is permitted under the Lanham Act.**

Defendant additionally moves the Court to strike plaintiffs' demand for statutory and treble damages under the Lanham Act, asserting that the Lanham Act does not provide for such damages under

7

the instant circumstances. For the reasons discussed below, defendant's argument is misguided.

Section 35(b) of the Lanham Act provides, in relevant part:

> [T]he court shall . . . enter judgment for three times such profits or damages . . . in the case of any violation of [certain statutes] that consists of intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark . . . in connection with the sale, offering for sale, or distribution of goods or services.

15 U.S.C. § 1117(b). Defendant correctly points out that plaintiffs do not allege use of a "counterfeit mark" within the meaning of the Lanham Act, and treble damages under § 35(b) are therefore unwarranted. Defendant also points out that the Court has already found punitive damages to be unavailable for plaintiffs' Lanham Act claim. *See* Order, Doc. No. 151, at 1 n.2 (July 28, 2006) ("[T]he Court agrees with defendant that punitive damages are unavailable for plaintiff's Lanham Act claim. It therefore STRIKES plaintiff's request for punitive damages in connection with its Lanham Act claim.").

Defendant acknowledges, however, that under § 35(a) of the Lanham Act the Court may "enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount," and that "[s]uch sum . . . shall constitute compensation and *not a penalty*." 15 U.S.C. § 1117(a) (emphasis added). Although the Court has stricken plaintiffs' request for punitive damages, a treble damages award under § 35(a) does not constitute a penalty and may be granted in the Court's discretion.

Defendant cites *Ono's Trading Company, LLC v. Parnell*, 2006 U.S. Dist. LEXIS 60247, *19–*21 (S.D. Ala. Aug. 15, 2006), for the premise that § 35(a) does not authorize statutory damages for claims arising under the Lanham Act. The *Ono's Trading Company* court did not so hold. Although the defendants in that case had engaged in unfair competition, plaintiffs sought to receive statutory damages pursuant to § 35(c) of the Lanham Act, which pertains to statutory damages for use of counterfeit marks. *Ono's Trading Co.*, 2006 U.S. Dist. LEXIS 60247, at *18–*19. No counterfeit mark having been used, the court in *Ono's Trading Company* denied statutory damages. *Id.* at *20.

Here, plaintiffs do not allege use of a counterfeit mark and therefore cannot demand statutory damages under § 35(c). Plaintiffs may, however, seek discretionary statutory damages, not exceeding

8

three times the actual damages, as expressly permitted under § 35(a). Defendant's motion to strike plaintiffs' demand for statutory and treble damages under the Lanham Act is therefore DENIED.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss plaintiffs' conversion claim, DENIES defendant's motion to dismiss plaintiffs' unfair competition claim, and DENIES defendant's motion to strike plaintiffs' demand for statutory and treble damages (Docket No. 168).

**IT IS SO ORDERED.**

Dated: November 7, 2006

SUSAN ILLSTON
United States District Judge

9