IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEILSTEIN-INSTITUT ZUR FORDERUNG DER CHEMISCHEN WISSENSCHAFTEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MDL INFORMATION SYSTEMS, INC., <br><br> Defendant. | No. C 04-05368 SI <br><br> **ORDER DENYING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR SANCTIONS** |

On November 7, 2006, defendant MDL Information Systems, Inc. ("MDL") submitted a letter brief requesting the Court's assistance in resolving a discovery dispute. MDL seeks an order compelling plaintiffs Beilstein-Institut Zur Forderung Der Chemischen Wissenschaften and Beilstein GmbH ("Beilstein") to produce all documents evidencing registration of their copyrights, including the certificates of registration, any correspondence with the Copyright Office, any amended submissions or applications, and any specimens submitted. In the same letter, MDL also seeks sanctions against Beilstein for knowingly making material misrepresentations in the third amended complaint.

MDL's motion to compel production of documents appears to be moot. According to Beilstein, after MDL filed its letter, Beilstein supplied MDL with the requested documents, including Certificates of Registration for the Beilstein Database, the Production Software, and the Excerp Rules for Abstraction. *See also* Kemner Decl., Ex. C (November 9, 2006 letter from Andrew M. Gold, counsel for MDL, stating "[Y]ou did not produce all such documents until yesterday."). The Court therefore denies MDL's motion as moot.

The Court also denies MDL's request for sanctions, because MDL does not premise its request

1  upon Beilstein's conduct during the course of discovery; rather, MDL's sanction request is premised
2  upon Beilstein's alleged failure to characterize its copyright registration status properly in its third
3  amended complaint. Accordingly, sanctions under Federal Rule of Civil Procedure 37 are not
4  appropriate. *See* Fed. R. Civ. P. 37(2)(A) ("If a party fails to make a disclosure required by Rule 26(a),
5  any other party may move to compel disclosure and for appropriate sanctions."); *cf.* Fed. R. Civ. P. 11(b)
6  (by presenting a pleading to the court, the attorney represents, based upon a reasonable inquiry, that the
7  allegations have factual support); Fed. R. Civ. P. 11(c) (if "the court determines that subdivision (b) has
8  been violated, the court may . . . impose an appropriate sanction."). If MDL wishes to pursue sanctions
9  under Rule 11, it must bring a separate, noticed motion.

10  The Court hereby DENIES MDL's request for production of documents and DENIES MDL's
11  request for sanctions. (Docket No. 183).

12  **IT IS SO ORDERED.**

14  Dated: December 19, 2006

                                                                SUSAN ILLSTON
                                                                United States District Judge