IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEILSTEIN-INSTITUT ZUR FORDERUNG DER CHEMISCHEN WISSENSCHAFTEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MDL INFORMATION SYSTEMS, INC., <br><br> Defendant. _____/ | No. C 04-05368 SI <br><br> **ORDER DENYING PLAINTIFFS' MOTION TO COMPEL** |

Plaintiffs Beilstein-Institut Zur Förderung Der Chemischen Wissenschaften and Beilstein GmbH (collectively "Beilstein") have filed a letter brief with the Court seeking an order compelling defendant MDL Information Systems, Inc. ("MDL Inc.") to produce all responsive documents in its possession, including those that are located in the offices of non-party MDL GmbH. The sole issue is whether MDL Inc. has "control" over documents in the possession of MDL GmbH, for purposes of Federal Rule of Civil Procedure 34.

**BACKGROUND**

Plaintiff Beilstein-Institut Zur Förderung Der Chemischen Wissenschaften ("Beilstein") is a German non-profit foundation involved in research in the chemical sciences. Beilstein has created the Beilstein Database, which is an electronic database in the area of organic chemistry and is Beilstein's primary revenue source. On January 23, 1998, an agreement was entered between plaintiff Beilstein-Institut and Beilstein Informationssysteme GmbH, which granted an exclusive license to Beilstein Informationssysteme GmbH to exploit the Beilstein Database in exchange for a fixed licensing fee.

Beilstein Informationssysteme GmbH was subsequently acquired by the Reed Elsevier Group and the company was renamed MDL Information Systems GmbH ("MDL GmbH").

Plaintiffs contend that MDL GmbH violated the provisions of the licensing agreement. In December 2001, plaintiff Beilstein commenced arbitration proceedings against MDL GmbH in Germany. On September 20, 2004, the arbitration panel issued a Partial Arbitration Award, holding that MDL GmbH breached its contractual obligations and awarding damages and injunctive relief to Beilstein. The panel ordered MDL GmbH to "cease and desist from modifying the content of the Beilstein Database and/or mingling such content with other data or databases or having such data modified and/or marketed via the sublicenses thereof, particularly via MDL Information Systems Inc."

Defendant MDL Information Systems, Inc. ("MDL Inc.") is a Delaware corporation with its principal place of business in San Leandro, California. The complaint alleges that defendant MDL Inc. "shares a common corporate parent with MDL GmbH" and markets the Beilstein Database on behalf of MDL GmbH. Plaintiffs assert that defendant MDL Inc. has continued to mingle the Beilstein Database with data from other sources, despite the Partial Arbitration Award. As a result, plaintiffs filed a copyright action against defendant MDL Inc. in a German district court on March 31, 2003. In December, 2004, plaintiffs filed the instant suit in this Court against defendant MDL Inc.

## LEGAL STANDARD

A party is obliged to produce all specified relevant and non-privileged documents or other items which are in his or her "possession, custody or control." Fed. R. Civ. P. 34(a). It is well-established in the Ninth Circuit that "control is defined as the legal right to obtain documents upon demand." *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) (citing *United States v. International Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989)).

## DISCUSSION

Beilstein argues that MDL Inc. and MDL GmbH have an express agency relationship, and MDL Inc. therefore has the legal right to obtain documents in MDL GmbH's possession upon demand. Beilstein cites several district court cases in support of this proposition. In the first case, *Rosie D. v.*

2

*Romney*, 256 F. Supp. 2d 115 (D. Mass. 2003), the court stated that "'control' may be established by the existence of a principal-agent relationship, or a legal right pursuant to a contractual provision." *Id.* at 119 (citations omitted). The moving party in that case sought discovery from a state agency, the Division of Medical Assistance ("DMA"), of documents in possession of various agencies that contracted with the DMA to provide neighborhood-based health services. *See id.* The court granted the motion to compel discovery, finding that there was control; it stated:

> DMA's contract with the [agencies] requires the [agencies] to maintain books, records and other compilations of data pertaining to the contract and provides, as well, that DMA has the right, upon reasonable notice, to examine and copy the information. . . . Given these contractual provisions, there is little doubt that Defendants have the right to control and obtain the documents that are in the possession of the various non-defendant agencies.

*Id.*

In *American Rock Salt Co. v. Norfolk Southern Corp.*, 228 F.R.D. 426 (W.D.N.Y. 2005), also cited by Beilstein, the plaintiff sought discovery from defendant Norfolk Southern of documents in possession of non-party Conrail. The district court found that there was control, and compelled the discovery, based on "[t]he reality . . . that . . . Defendants and CSX Transportation effectively owned and controlled Conrail . . . ." *Id.* at 461.

MDL Inc. argues in response that this case is much more analogous to the following cases. In *In re: Citric Acid Litigation*, the Ninth Circuit affirmed the district court's denial of a motion to compel party C&L-US to produce documents in the possession of non-party C&L-Switzerland. *See* 191 F.3d at 1090. The circuit court found that "C&L-US lacks the legal ability to obtain documents from C&L-Switzerland." *Id.* at 1107. They are "separate entities under the law," and "there is no contract giving C&L-US the right to compel C&L-Switzerland to furnish it with documents in C&L-Switzerland's possession." *Id.* "C&L-Switzerland could legally – and without breaching any contract – continue to refuse to turn over such documents" to C&L-US. *Id.* at 1109.

In *Micron Technology, Inc. v. Tessera, Inc.*, No. C06-80096, 2006 WL 1646133, at *1 (N.D. Cal. June 14, 2006), the court followed *Citric Acid* in refusing to compel party SPIL to produce documents under the control of non-party SUI. The court did so even though "SUI is 100% owned by SPIL, . . . SUI would in the ordinary course of business have access to the documents," "SPIL created SUI to engage

3

as SPIL's sales agent in North America," and "SUI and SPIL have overlapping management teams." *Id.* at *2. Despite this evidence of agency, the court found that "SUI and SPIL are separate legal entities. There is no evidence of any contract between the two companies that gives SUI the right to demand documents from SPIL." *Id.*

Of the four cases discussed above, the instant dispute is most analogous to *Citric Acid*. *American Rock Salt* and *Micron Technology* are unhelpful; they both dealt with entities having a clear parent-subsidiary, principal-agent relationship. *See American Rock Salt Co.*, 228 F.R.D. at 426; *Micron Technology*, 2006 WL 1646133, at *1. Here, neither company owns any portion of the other. *See* Kolman Decl. ¶ 3. *Rosie D.* is also distinguishable; in that case there were contracts between the party and non-parties explicitly giving the party the legal right to access the documents at issue. *See* 256 F. Supp. 2d at 119. Here, Beilstein provides no evidence of such a contract between MDL Inc. and MDL GmbH.

The two entities at issue here, as in *Citric Acid*, do not have a parent-subsidiary relationship, but are affiliated subsidiaries of the same parent company (the Reed Elsevier Group). Neither owns any interest in the other. The companies have separate operations, manage separate products, maintain separate finances, and have independent decision-making power over day-to-day operations. *See* Kolman Decl. ¶¶ 3-5. Beilstein provides strong evidence that MDL Inc. and MDL GmbH are closely affiliated; that employees of one report to the other, that the companies are involved in each other's budget decisions, and do in fact share a great deal of information. These facts, however, even if wholly true, are insufficient to establish that MDL Inc. has the *legal right* to obtain documents in possession of MDL GmbH on demand.

Beilstein relies heavily on one clause from a 2002 "Marketing Services and Cross-Licensing Agreement" between MDL Inc. and MDL GmbH for the proposition that MDL Inc. has the legal right to obtain documents from MDL GmbH. The clause, entitled "Agency," states: "Any person may rely on this Agreement as conclusive evidence of either party's agency on behalf of the other party." *See* Agreement (Ex. 6) § 8.2. The context of this clause makes clear, however, that it was not intended to set up a traditional principal-agent relationship between the parties. The Agreement grants cross-licenses between the companies and allows one to market the other's products on its behalf. It thus essentially

4

sets up a cross-sales agent relationship, not a relationship granting one company complete control over the other.

Furthermore, other clauses of the Agreement cut sharply against Beilstein's position. For example, Section 3.1 of the agreement states:

> *Accounting Records and Reports/Service Charges*. The parties shall also provide such bookkeeping and accounting services to each other with respect to the relevant Services which each provides under this Agreement, and shall maintain in current condition appropriate books of account and other financial records. In this connection, each party shall (a) prepare and provide such financial and accounting reports as required under this Agreement and which the other party or its agents may from time to time reasonably request with respect to such Services, including quarterly statements of licensing and sublicensing revenues and determinations of royalties or fees due the other party; and (b) from time to time, upon reasonable notice, make its accounting personnel available to meet with officers of the parties or their agents for purposes of discussing the books of account and other financial records maintained by the other party pursuant to this Agreement.

Agreement (Ex. 6) § 3.1. If, as Beilstein contends, the Agreement made MDL GmbH the agent of MDL Inc., thereby giving MDL Inc. the legal right to documents in the possession of MDL GmbH, then section 3.1 of the Agreement would be wholly superfluous. Section 3.1 thus strongly evidences the fact that MDL Inc. does not have general access to documents in possession of MDL GmbH.[1]

For the foregoing reasons, the Court hereby DENIES plaintiffs' motion to compel (Docket No. 202).

**IT IS SO ORDERED.**

Dated: December 19, 2006

                                                SUSAN ILLSTON
                                                United States District Judge

---

[1] The Agreement also states: "Each party shall act hereunder solely as independent contractors, and nothing herein shall create any partnership, employment, joint venture, or tenancy in common between or among the parties." Agreement (Ex. 6) § 8.1. This section also evidences a lack of any legal control by MDL Inc. over MDL GmbH.

5